IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TURIANO,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-1565** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **JEFFREY BEARD, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

## I. Introduction

Plaintiff, Charles Turiano, an inmate at the State Correctional Institution in Huntingdon ("SCI-Huntingdon"), Pennsylvania, commenced this *pro se* action with a civil rights Complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Named as Defendants are Secretary of Corrections Jeffrey Beard, and SCI-Huntingdon Superintendent Raymond Lawler. Plaintiff claims that SCI-Huntingdon has inadequate legal assistance for its inmates, resulting in a denial of access to the courts. For the following reasons, the complaint will be dismissed, without prejudice, under 28 U.S.C. § 1915A.

## II. Discussion

Plaintiff's complaint will be dismissed as legally frivolous under the Prison Litigation Reform Act (the "Act"), under the provisions of Section 1915A. 28 U.S.C.

§ 1915A. The Act established new procedures for reviewing prisoner civil rights complaints. Under Section 1915A, the court is required to screen civil complaints by prisoners who seek redress from a governmental entity, or employees or officers of a governmental entity, and must "dismiss the complaint . . . if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b). The dismissal requirement applies equally to cases that are factually, as well as legally, frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

An action is legally frivolous if it is based upon an indisputably meritless legal theory. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.

2000). Both elements must be present to sustain a § 1983 action. Because Plaintiff fails to satisfy the second requirement, his claim lacks merit.

The constitutional principle implicated by Plaintiff's complaint is the right of access to the courts. It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials, or legal services. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can establish a constitutional violation. *Gluth v. Kangas*, 951 F.2d 1504, 1507 (9th Cir. 1991). However, "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . . ." *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996). "The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts* . . . . [However,] it stressed that [access to law library facilities] was merely 'one constitutionally acceptable method to assure meaningful access to the courts." *Lewis*, 518 U.S. at 350-51.

In addition, the right of access to the courts does not extend to every imaginable area of legal endeavor.

> "*Bounds* does not guarantee inmates to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating

> capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

*Lewis*, 518 U.S. at 355.

In order to set forth a viable claim under *Bounds*, a plaintiff must allege an actual injury to his litigation efforts; to establish actual injury, an inmate plaintiff must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. *Id.* at 349. This pleading requirement of actual injury stems "from the doctrine of standing . . . . [I]t is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm . . . ." *Id.*

Although Plaintiff concedes that SCI-Huntingdon "maintains a law library with an extensive collection of law books, statutes, reporters, reference books and computer-generated legal information" (Doc. 1 at 3), he challenges the sufficiency of assistance to enable prisoners to utilize the available resources. Plaintiff's allegations focus on the general prison population at SCI-Huntingdon, and he argues that a prison policy, directive 007, provides legal assistance only to "eligible inmates," and any "prisoner who is not an 'eligible inmate' . . . is not entitled to any legal assistance whatsoever." (Doc. 1 at 3.) Plaintiff states that a prisoner who reads at a ninth-grade level would not be considered eligible and thus would not qualify for any legal assistance. (*Id.*) However, Plaintiff does not allege that this limitation has directly

affected Plaintiff in his litigation efforts, and thus fails to satisfy the actual injury requirement.

To the contrary, Plaintiff appears to have been largely successful in his legal actions at SCI-Huntingdon. "While confined at [SCI-Huntingdon], Plaintiff litigated a civil rights action . . . . Because he received adequate assistance, . . . he was able to bring the matter to a successful resolution." (*Id*. at 4.) "Plaintiff has received advice and assistance, including the drafting of his grievances and this initial pleading . . . . Absent that advice and assistance, however, he would never have been able to bring this matter to the court's attention." (*Id*. at 5.)

Further, Plaintiff alleges that his lack of assistance precluded him from filing a claim challenging worker conditions at the prison garment plant. (*Id*. at 4.) However, Plaintiff is not working at that facility (*Id*.) and thus is not personally affected by the conditions. Therefore, Plaintiff lacks standing to raise the underlying claim and has not been injured by his inability to file such an action.

Plaintiff does allege that he suffered injury when his challenge to a parole denial was dismissed because he did not have adequate assistance. However, Plaintiff "can read and is a high school graduate." (*Id*.) Therefore, he is sufficiently capable of utilizing the prison library facilities that are available. The court is convinced that the library facilities that Plaintiff describes are more than adequate to satisfy the

requirements of *Bounds*, and Plaintiff fails to demonstrate any impediment that he faces personally. Thus, Plaintiff fails to show that he has been denied a right of access to the courts.

Consequently, Plaintiff fails to identify any recognized right, privilege, or immunity secured by statute or the Constitution that has been abridged by the Defendants' conduct. Thus, Plaintiff has failed to satisfy the second prerequisite for a §1983 action, and even the most liberal and accommodating interpretation of the Plaintiff's complaint will not redeem the pleading. "[I]t is. . .readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990))

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774. Under the circumstances, this court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915A is designed to preserve. *See Roman*, 904 F.2d at 195 n.3.

## III. **Conclusion.**

Since Plaintiff has not alleged actual injury resulting from Defendants' policies, he has not been deprived of his right of access to the courts and he has failed to allege a deprivation of a right, privilege, or immunity impaired by Defendants' actions. Therefore, Plaintiff's claim will be dismissed, without prejudice, under 28 U.S.C. § 1915A. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 8, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TURIANO,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-1565** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **JEFFREY BEARD, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW, THEREFORE,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The complaint (Doc.1) is **DISMISSED**, without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915A.
2. The Clerk of Court shall close this case.
3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 8, 2005.