IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TURIANO,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-1565** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **JEFFREY BEARD,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM and O R D E R

Plaintiff, Charles Turiano, an inmate at the State Correctional Institution in Huntingdon ("SCI-Huntingdon"), Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Named as Defendants are Secretary of Corrections Jeffrey Beard, and SCI-Huntingdon Superintendent Raymond Lawler. Plaintiff claims that SCI-Huntingdon has inadequate legal assistance for its inmates, resulting in a denial of access to the courts. By order dated September 8, 2005 (Doc. 6), this court dismissed Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915A. Presently before the court is Petitioner's motion for reconsideration of the Court's order dismissing his complaint. Because this court finds that Petitioner has failed to provide the evidence required for a successful motion for reconsideration, Petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits

2

reconsideration.  In the order dismissing Plaintiff's complaint, the court concluded that Plaintiff lacked standing because he had not presented an actual injury sufficient to sustain his claim.  In his pending motion, Plaintiff argues that he does have an actual injury sufficient to support standing.  However, the arguments set forth do not present "newly discovered evidence which, if discovered previously, might have affected the court's decision" *Harsco Corp.*, 779 F.2d at 909, and Plaintiff fails to present other arguments to support his claim for reconsideration.  Ultimately, Plaintiff merely wants this Court to rethink its earlier decision.  *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made).  Consequently, Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 7) is **DENIED**.

                                                          s/Sylvia H. Rambo  
                                                          SYLVIA H. RAMBO  
                                                          United States District Judge  
Dated:  November 3, 2005.